IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIANE RHONE, ) | |
| ) | |
| Plaintiff ) | Civil Action File No. |
| vs. ) | 1:16-cv-05215 |
| ) | |
| MEDICAL BUSINESS BUREAU, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OF POINTS & AUTHORITIES IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendant, Medical Business Bureau, LLC ("MBB"), by and through its undersigned counsel, hereby submits this Memorandum of Points & Authorities in Support of its Motion for Summary Judgment and respectfully requests that this Court grant judgment in its favor.

**STANDARD**

Summary judgment is appropriate when "the pleadings, deposition, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "No genuine issue of material fact exists when a rational trier of fact could not find for the nonmoving party even when the record as a whole is viewed in the light most favorable to the nonmoving party." *Ritchie v. Glidden Company*, 242 F.3d 713, 720 (7th Cir. 2001). "Neither the mere existence of some alleged factual dispute between the parties, nor the existence of some metaphysical doubt as to material facts is sufficient to defeat such a [summary judgment] motion." *Holtz v. J.J.B. Hillard W. Lyons, Inc.*, 185 F.3d 732, 738 (7th Cir. 1999) (internal citations and quotations omitted).

1

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

## ARGUMENT

Rhone alleges that MBB violated §§ 1692e and 1692f of the Fair Debt Collection Practices Act ("FDCPA") by:

1. falsely reporting that she owed nine debts when she only owed one; and
2. breaking a single debt into nine debts.

*See* D.E. 22, ¶¶ 27-28. MBB denies it violated the FDCPA because: 1) it accurately reported that Rhone owed debts related to nine separate dates of service, and 2) it did not break Rhone's debt into separate debts.

**I.      ARGUMENT AND CITATION OF AUTHORITY**

    **a. MBB Accurately Reported Rhone's Debt.**

The issue in this case is whether MBB violated the FDCPA by credit reporting each of Rhone's debts separately. As an initial matter, MBB has been unable to find, and so have other federal courts, any case that has held that reporting multiple tradelines for the same debt is false,

2

deceptive or misleading under the FDCPA. *See Frierson v. States Recovery Sys.,* 2017 U.S. Dist. LEXIS 90841, *4 (E.D. Cal. June 13, 2017). On the other hand, several courts have held that reporting multiple tradelines for the same debt is not a violation of the FDCPA so long as the information is accurate.

The Northern District of Illinois' decision in *Kohut v. Trans Union, LLC*, 2004 U.S. Dist. LEXIS 15724 (N.D. Ill. Aug. 11, 2014) has been relied on by each court that has handled the issue. In *Kohut*, the plaintiff alleged the debt collector violated the FDCPA because it credit reported the same account that was also being credit reported by the creditor, therefore, there were two tradelines for the same account. *Kohut*, 2004 U.S. Dist. LEXIS at *4. The court held there was no violation because it is not false, deceptive or misleading for a debt collector to tell a consumer reporting agency that a debt is owed even if it leads to two (2) records relating to the same debt. *Id.* at *8. The appearance of two trade lines for the same debt is not false, deceptive or misleading under § 1692e or 1692e(10) so long as the debt is valid and accurate. *Id.*

The United States District Court for the Central District of California followed this reasoning in *Gustafson v. Experian Information Solutions, Inc.*, 2015 U.S. Dist. LEXIS 71280 (C.D. Cal. June 2, 2015).[1] In *Gustafson,* the defendant reported the same account twice – once pre-charge off and once post-charge off. *Gustafson,* 2015 U.S. Dist. LEXIS at *4. That court explained – "it is not false, deceptive, or misleading for a [furnisher] to tell a consumer reporting agency that it attempted to collect a debt that [plaintiff] concedes is valid even if that leads to two records relating to the same debt in [plaintiff's] credit filed." *Id.* at *22 (citing *Kohut*, 2004 U.S. Dist. LEXIS at *8). The plaintiff's conclusive and unsupported statements that the defendant

---

[1] It should be noted that Rhone references an earlier decision in *Gustafson* in her First Amended Complaint. *See* D.E. 22, ¶ 20. However, that decision relates to a motion to dismiss and summary judgment was ultimately entered in defendant's favor.

3

violated the FDCPA by reporting inaccurate and duplicative information failed to show a genuine dispute with regard to the accuracy of the defendant's reporting, therefore, summary judgment was granted in the defendant's favor. *Id.,* at \* 23.

Within the past few weeks the Eastern District of California granted a debt collector's motion to dismiss where it reported two tradelines for plaintiff's utility bill which reflected different billing cycles. *Frierson v. States Recovery Sys.,* 2017 U.S. Dist. LEXIS 90841, \*4 (E.D. Cal. June 13, 2017). The plaintiff owed a total of $127.92 for utility services. When the defendant reported the balance it reported it as two tradelines: 1) $58.06 for services provided in June through July 2015, and 2) $69.86 for services provided July through August 2015. Relying on *Kohut* and *Gustafson*, that court held that even if there are multiple tradelines for the same debt there is no FDCPA violation so long as the information is accurate. *Frierson v. States Recovery Sys.,* 2017 U.S. Dist. LEXIS 90841, \* 6-7 (E.D. Cal. June 13, 2017).[2]

Here, even if MBB reported multiple trade lines for the same debt there is no violation because MBB accurately reported that Rhone owed a total of $540. Rhone received services from Illinois Bone and Joint Institute ("IBJI") on nine (9) different days in January and February 2013. *See* SMF ¶¶ 3, 8. For each date of service, IBJI, via its billing company Healthcare Information Services, LLC ("HIS"), charged Rhone $134. *See* SMF ¶ 8. After insurance adjustments, the balance due for each date of service was $60. *See* SMF ¶ 8. Rhone admits that after each service date a balance was due and that she owes IBJI for those services. *See* SMF ¶¶ 4, 5. When HIS placed Rhone's debts with MBB for collection it identified nine (9) different debts for nine (9)

---

[2] The only other case that dealt with this issue is *Akalwadi v. Risk Management Alternatives, Inc.*, 366 F. Supp. 2d 492 (D. Md. 2004). That case is distinguishable because the defendant admitted an error was made and it incorrectly reported the same account twice, therefore, doubling the amount that was actually owed.

different dates of service. *See* SMF ¶ 11. MBB then credit reported the debts to Equifax Information Services, LLC as being owed to IBJI, identifying HIS's patient number and invoice number and that each date of service had a balance of $60. *See* SMF ¶ 12. Moreover, Rhone admits that MBB's reporting of her debts is not duplicative of the same session; rather, each tradeline reflects a different date of service. *See* SMF ¶ 13.

There can be no dispute that MBB's reporting of Rhone's debt is accurate. She owes a total of $540. MBB reported that Rhone owed a total of $540. Under Rhone's theory, MBB should have reported that she owed one debt for a total of $540 instead of nine (9) debts each with a balance of $60. Regardless of how it was reported, either as one debt or nine (9) debts, the report was accurate – Rhone owes IBJI $540 for nine (9) dates of service. These facts are analogous to *Frierson* – where multiple trade lines were reported for separate services provided by the same creditor. Under both *Frierson* and *Kohut,* there is no violation because MBB accurately reported the debts.

Seemingly, Rhone takes issue with how the debts were reported, not the actual balance. Her complaint does allege that she owes less than $540 total. *See* D.E. 22, ¶ 10. However, that is not supported by her testimony or any other admissible evidence. Rhone admits each time she received services from IBJI a debt was incurred. *See* SMF ¶ 4. She does not know how much she was charged for each visit but knows she owes money to IBJI. *See* SMF ¶ 4, 5. The undisputed evidence shows that she owes $60 for each of her nine visits, therefore, leaving a total outstanding balance of $540. *See* SMF ¶ 8. That is the exact amount that MBB reported to the credit bureaus and is the accurate amount that Rhone owes.

As MBB's reporting of the debts at issue cannot be considered inaccurate or deceptive, MBB respectfully requests that this Court grant this Motion and enter judgment in its favor.

### b. **MBB Did Not Break Rhone's Single Debt Into Multiple Debts.**

Rhone alleges that MBB violated the FDCPA by breaking her single IBJI debt into nine separate debts and reporting each debt separately. *See*, D.E. 22, ¶ 24. This claim is completely unsupported by facts.

It is impossible for MBB to split a single debt into multiple debts. *See* SMF ¶ 14. It is also impossible for MBB to combine several debts into one debt. *See* SMF ¶ 16. MBB does not have the ability or authority to manipulate the data it receives from HIS. *See* SMF ¶ 15. MBB treats and reports accounts in the same manner that it receives them from its client. IBJI, via HIS, treated each of Rhone's nine (9) dates of service as separate and distinct services. *See* SMF ¶ 7. HIS assigned each of Rhone's debts with a patient number, specific for Rhone, and an invoice number, specific for each different date of service. *See* SMF ¶ 7. When HIS placed the debts with MBB, HIS identified them as different debts. *See* SMF ¶10. Because HIS identified Rhone's debts as nine (9) separate debts so did MBB. *See* SMF ¶ 12.

Rhone has come forward with no evidence that MBB broke her debt into multiple debts. The undisputed evidence shows that it is impossible for MBB to so. Furthermore, the evidence shows that MBB reported Rhone's debts in the same manner that the creditor treats them – as separate distinct debts for different dates of service. Accordingly, MBB cannot be found to have attempted to collect the accounts in an unconscionable fashion.

## **CONCLUSION**

All of Rhone's claims fail and judgment should be entered in MBB's favor. Rhone owes a total of $540 for nine (9) different dates of physical therapy services she received from IBJI. MBB accurately reported that Rhone owed a total of $540 for those services. It was not false, deceptive or misleading for MBB to report each date of service separately since the report was

accurate – it showed that Rhone owed IBJI $540. Multiple tradelines for the same debt is not false, deceptive or misleading so long as it is valid and accurate. Lastly, it was impossible for MBB to break Rhone's debt into separate debts. MBB reported the accounts in the manner it received them – as nine (9) different debts. Therefore, MBB's treatment of the debts cannot, under any reasonably interpretation, be considered unconscionable in violation of the FDCPA.

WHEREFORE, Defendant, Medical Business Bureau, LLC respectfully requests that this Honorable Court grant judgment in its favor and against Plaintiff Diane Rhone and for such other and further relief as this Honorable Court deems just.

Respectfully submitted,

**MEDICAL BUSINESS BUREAU, LLC**

/s/ Nicole M. Strickler
Nicole M. Strickler
IL Bar No. 6298459
Messer Strickler, Ltd.
225 W. Washington St., Ste 575
Chicago, Illinois 60606
312-334-3442
312-334-3473 (fax)
nstrickler@messerstrickler.com
*Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2017, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which will send notification of such filing to the attorneys of record.

/s/ Nicole M. Strickler
Nicole M. Strickler
IL Bar No. 6298459
Messer Strickler, Ltd.
225 W. Washington St., Ste 575
Chicago, Illinois 60606
312-334-3442
312-334-3473 (fax)
nstrickler@messerstrickler.com
*Attorney for Defendant*
