**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DIANE RHONE, ) | |
| ) | |
|     Plaintiff ) | Civil Action File No. |
| vs. ) | 1:16-cv-05215 |
| ) | |
| MEDICAL BUSINESS BUREAU, LLC, ) | |
| ) | |
|     Defendant. ) | |
| ) | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

Defendant Medical Business Bureau, LLC ("MBB") opposes Plaintiff Diane Rhone's ("Rhone") Motion to for Summary Judgment as follows:

**INTRODUCTION**

Rhone's motion for summary judgment, and indeed her Amended Complaint, is based on a faulty premise – that MBB reported "nine separate tradelines for the same debt" and "communicated different trade lines on the same alleged debt…" See, D.E. 50, p. 9. The facts are clear that MBB reported nine different tradelines for nine different debts. The fact that all nine debts are owed to the same entity, for the same amount, and were incurred within a two-month span, does not change the fact that they are, in fact, nine separate debts. All of Rhone's allegations, and case citations, stem from her incorrect factual allegation that MBB reported the same debt nine times.

**I.    Rhone Owes Nine Separate Debts.**

Rhone argues that the nine different debts with IBJI should be consolidated into one debt, and reported as a single debt. She does not, however, have any evidence to support this contention and the undisputed factual evidence shows that she is incorrect. A review of the evidence shows that

- 1 -

Rhone owed nine debts. *See*, Defendant's Statement of Additional Material Facts ("DSAMF") ¶ 1.

Rhone received services from Illinois Bone and Joint Institute ("IBJI") on nine different days in January and February 2013. *See*, DSAMF ¶¶ 3, 6. For each date of service, IBJI, via its billing company Healthcare Information Services, LLC ("HIS") charged Rhone $134. *See*, DSAMF ¶ 6. After insurance adjustments, the balance due for each date of service was $60. *See*, DSAMF ¶ 6. Rhone admits that a balance was owed for each date of service. *See*, DSAMF ¶ 4, 5. When HIS placed Rhone's debts with MBB for collection it identified nine different debts for nine different dates of service. *See*, DSAMF, ¶¶ 1 and 2. Rhone even admits that MBB's reporting of her debt is not duplicative; each of the nine trade lines MBB reported is for a different date of service. *See*, DSAMF ¶ 7.

Rhone attempts to use the testimony of MBB's two Rule 30(b)(6) witnesses for her argument. However, their testimony shows that Rhone owes nine separate debts. *See*, DSAMF ¶¶ 1 and 2. When asked who would have documents/information about how IBJI treats the accounts Rhone testified that she would have to check with IBJI. *See*, DSAMF ¶ 12. HIS, who handles all of IBJI's billing, testified that there are nine different debts. *See*, DSAMF ¶1. Even the source upon which Rhone relies to support her argument shows that there are nine debts.

Rhone's argument is that she has one debt and reporting that one debt nine times violates §§ 1692e(2)(A), 1692e(10) and 1692f.[1] This argument is not supported by the evidence. Rather, the evidence shows that MBB correctly and accurately reported Rhone's nine debts each separately.

---

[1] Rhone does not provide any argument for her claims under§ 1692e, e(8) or f(1). Therefore, those claims are deemed abandoned. *Road Sprinkler Fitters Local Union No. 699 v. Independent Sprinkler Corp.,* 10 F. 3d 1563, 1568 (11th Cir. 1994).

MBB respectfully requests that Rhone's motion for summary judgment be denied and MBB's motion for summary judgment be granted.

## II. MBB's Reporting Of Rhone's Nine Debts Was Accurate.

Since Rhone owed nine separate debts to IBJI for nine separate dates of service, MBB reported the debts accordingly. Rhone does not make any argument that MBB's reporting that she owed nine different debts, each with a balance of $60, for total outstanding balance of $540 is factually inaccurate. The facts in the record and case law supports MBB's argument that its reporting of Rhone's debts was accurate.

Even relying on Rhone's false assumption that MBB reported the same debt nine times, her claims still fail. This Court held that reporting multiple tradelines for the same debt is not false, deceptive or misleading under the FDCPA so long as the debt is valid and accurate. *Kohut v. Trans Union, LLC,* 2004 U.S. Dist. LEXIS 15724, * 8 (N.D. Ill. Aug. 11, 2014).[2] It is not false, deceptive or misleading for a debt collector to tell a consumer reporting agency that a consumer owes a debt even if it results in two tradelines for the *same* debt. *Id*. Moreover, the "death knell" to plaintiff's claim was that the parties agreed that the report was accurate. *Id.* As stated in her own brief, Rhone concedes that MBB's reporting is accurate – she owes $540 which is what MBB reported. D.E. 50, p. 12. As in *Kohut,* that is the "death knell" for Rhone's claims. Even if she were factually correct, that MBB reported the same debt multiple times, the report is not false, deceptive or misleading because the report is accurate.

---

[2] In an attempt to mislead this Court, Rhone repeatedly cites *Kohut* for the proposition that this Court has recognized that reporting multiple tradelines for the same account is detrimental to a consumer. D.E. 50, pg. 11, 12, 15 and 16. However, the citation relied provided by Rhone relate to that case's background information and the Court even noted that "[t]he following facts are drawn from Kohut's complaint and are accepted as true for the purposes of the motion to dismiss." *Kohut*, 2004 U.S. Dist. LEXIS at * 2. Rhone's citations do not relate to the actual holding in *Kohut*.

This Court is not alone in holding that reporting multiple tradelines for the same debt does not violate the FDCPA. The United States District Court for the Central District of California followed *Kohut* by granting defendant's summary judgment in *Gustafson v. Experian Information Solutions, Inc.,* 2015 U.S. Dist. LEXIS 71280 (C.D. Cal. June 2, 2015). In *Gustafson,* the defendant reported the same account twice. *Gustafson,* 2015 U.S. Dist. LEXIS at* 4. That court explained – "it is not false, deceptive, or misleading for a [furnisher] to tell a consumer reporting agency that it attempted to collect a debt that [plaintiff] concedes is valid even if that leads to two records relating to the same debt in [plaintiff's] credit file." *Id.* at 2 (citing *Kohut,* 2004 U.S. Dist. LEXIS at * 8). Similar to this case, Rhone admits that she incurred the debts to IBJI, she has not paid them and they are still owed. *See*, DSAMF ¶¶ 4 and 5. Here, Rhone cannot point to any admissible evidence regarding the inaccuracy of MBB's reporting. In fact, she agrees that it is correct.

Rhone's reliance on *Frierson v. States Recovery Sys.,* is misplaced. Relying on *Kohut* and *Gustafson*, the court held that "where multiple tradelines are reported for a single billing account, but the information reported in the tradelines is accurate, no section 1692e claim is established." *Frierson v. States Recovery Sys.,* 2017 U.S. Dist. LEXIS 90841, * 6 (E.D. Cal. June 13, 2017). Rhone latches on to a statement that the two tradelines at issue involved bills for two separate billing cycles. *Id.* at 6-7.

Without any factual support, Rhone argues that MBB's tradelines "certainly encompass[] no more than one billing cycle…" D.E. 50, p. 16. There is no evidence in the record identifying either IBJI's or HIS's billing cycle. This is manufactured argument by Rhone created in hopes of establishing some factual dispute. Without some evidence as to the billing cycle at issue here this argument lacks any merit.

Here, even if MBB reported multiple trade lines for the same debt there is no violation because MBB accurately reported that Rhone owed $540. Rhone received services from IBJI on nine different days over two months. For each date of service, IBJI, via HIS, charged Rhone $134. After insurance adjustments, the balance due for each date of service was $60. Rhone admits that after each service a balance was due. MBB reported that each of the dates of service at issue left a balance of $60. Under Rhone's theory, MBB should have reported that she owed one debt for a total of $540 instead of nine debts each with a balance of $60. Regardless of how it was reported, either as one debt or nine debts, the report was accurate – Rhone owes IBJI $540 for nine dates of service. Under *Kohut, Gustafson* and *Frierson,* there is no violation because MBB accurately reported the debts.

Therefore, MBB respectfully requests that Rhone's motion for summary judgment be denied and that MBB's motion for summary judgment be granted.

### III. Reporting Rhone's Debts Separately Was Not Deceptive, Misleading, Unfair Or Unconscionable

Rhone notes that her §§ 1692e and 1692f claims are not based on the accuracy or inaccuracy of the amount owed. *See*, D.E. 50, p. 12. Her only argument is a conclusory statement that "the nine tradelines are false, misleading, misrepresent the character of the alleged debt and are unfair and unconscionable." See, D.E. 50, p. 12. At one point, she states that MBB's reporting "deceptively, unfairly and unconscionably torpedo[ed] Plaintiff's credit rating by reporting the nine tradelines ..." *See*, D.E. 50, p. 16. At no point does Rhone argue that either she or the unsophisticated consumer could have been deceived or misled by MBB's conduct or that such conduct was unfair or unconscionable.

In order to determine if a debt collector's conduct violates the FDCPA, courts apply the "unsophisticated consumer" standard. *Fields v. Wilber law Firm, P.C.,* 383 F. 3d 562, 564 (7th

Cir. 2004). This standard assumes that the debtor is uninformed, naïve or trusting; however, that hypothetical person also possess a rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences. *Id.* Citations omitted. This standard applies to claims under both §§ 1692e and §1692f. *Sulaiman v. Biehl & Biehl,* 2016 U.S. Dist. LEXIS 13667 * 21(N.D. Ill. Sept. 30, 2016); citing *McMillan v. Collection Professionals, Inc.,* 455 F. 3d 754, 759 (7th Cir. 2006). Therefore, to determine if a debt collector violated §§ 1692e and 1692f, there must be a fact-bound determination of how an unsophisticated consumer would perceive the statement. *Id.* Rhone completely fails to provide any argument related to the unsophisticated consumer standard.

If Rhone's argument is that MBB's reporting of the debts separately, instead of consolidating the debts into one debt, was deceptive, misleading, unfair or unconscionable, that argument fails based on the two following cases.[3]

First, in *Fields,* the Seventh Circuit held a consumer stated a claim under §§ 1692e and 1692f when a debt collector consolidated all charges of plaintiff's debt into one total without explanation. *Fields,* 383 F. 3d at 564-566. The consumer would be confused as to how the balance increased dramatically and would just assume she owes the total amount due. *Id.* at 565. The Court held that:

> By leaving the door open for this assumption to be made, Wilber's letter was misleading because it gave a false impression of the character of the debt. It is unfair to consumers under the FDCPA to hide the true character of the debt, thereby impairing their ability to knowledgeably assess the validity of the debt. One simple way to comply with §1692e and §1692f in this regard would be to itemize the various charges that comprise the total amount of the debt. *Id.*

---

[3] MBB contends that Rhone did not make this argument in her motion for summary judgment.

By consolidating the charges, the debt collector hides the true character of the debt – what actually made up the total balance due. The debt collector needs to provide the consumer with information so that they can determine if the debt is valid.

Second, in *Smith v. Am. Revenue Corp.,* 2005 U.S. Dist. LEXIS 48680 (N.D. Ind. May 16, 2005), the court held that a letter violated the FDCPA when a debt collector consolidated several medical debts owed to various medical providers and identified only one total amount due. *Id.* at 17-24. That court held, relying on *Fields,* that the letter misrepresented the character of the debt since all her medical debts were consolidated into one letter without identifying the creditor, the account number, or the amount owed for each account. *Id.* at 17-24. The debt collector hid the character of the debt because it was unclear what debts were being collected. *Id*. at 19.

MBB's reporting of Rhone's debts cannot be deceptive, misleading, unfair or unconscionable because it did not impair Rhone's ability to knowledgeably assess the validity of her debts. The undisputed evidence shows that Rhone owes nine different debts to IBJI. When MBB reported the nine debts to Equifax, it identified the creditor (IBJI), each date of service (including the date, month and year), and the amount owed for each date of service ($60).[4] *See*, DSAMF ¶ 14. MBB provided a full picture of who the debt was owed to, on what date the debt was incurred and the balance due for the debt. By doing so it provided Rhone with the knowledge to determine if the debts were valid. There is no dispute that Rhone owes money for each of her nine dates of service. There is no dispute that each date of service left a balance of $60. There is no dispute that the total due for all nine debts is $540. She simply does not like that they were

---

[4] Rhone produced a credit report that only showed a partial account number and only the month and year of service. MBB cannot control how Equifax displays the data. MBB provided Equifax with the full account numbers and full dates of service. If Rhone objects to Equifax's reporting of the account that is an issue she should discuss directly with Equifax.

reported separately. Rhone's theory of consolidating the debts into one debt would actually be a violation of the FDCPA under both *Fields* and *Smith*.

Furthermore, Rhone does not make any argument that she or the unsophisticated consumer could have been deceived or mislead by MBB's actions, nor does she show how these same actions were unfair or unconscionable. Instead, she argues, without any support in the record, that this action somehow impaired her credit rating. Rhone has not come forward without any evidence showing what her credit rating was before and after MBB's reporting of her accounts. There is absolutely no admissible evidence in the record showing that MBB's reporting impacted Rhone at all.

In summary, MBB's accurate reporting of Rhone's nine debts was not deceptive, misleading, unfair or unconscionable. Therefore, MBB respectfully requests that Rhone's motion for summary judgment be denied and that MBB's motion for summary judgment be granted.

**IV.     Rhone's Reliance On FCRA Cases Are Inapplicable.**

Rhone identifies several Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. cases for the proposition that duplicative reporting violates § 1692f. These cases do not apply to the case at bar for two reasons: 1) this case does not involve duplicative reporting of the same debt, 2) Rhone fails to identify any case that unreasonable conduct under the FCRA equates to unfair and unconscionable conduct under the FDCPA.

First, only two of the cited cases actually relate to duplicative reporting. See, *Smith v. Hireright Solutions, Inc.,* 711 F. Supp. 2d 426 (E.D. Pa. 2010) and *Haley v. TalentWise, Inc.,* 9 F. Supp. 2d 1188 (W.D. Wash. 2014). Otherwise, the remaining cases have no bearing or application to this case. *Smith* and *Haley* do not apply to Rhone's case because Rhone's case does not involve duplicative reporting of the same debt. Rhone admits the tradelines at issue are not duplicative

reporting, but specifically relate to separate dates of service. *See*, DSAMF ¶ 7. Each of MBB's tradelines relates to separate service provided on a separate date of service.

Second, Rhone argues that objectively unreasonable behavior under the FCRA equates to unfair and unconscionable behavior under the FDCPA. Rhone fails to cite any authority in support of that argument. To determine if conduct is unfair or unconscionable under the FDCPA, courts apply the "unsophisticated consumer" standard and not whether the conduct was "objectively unreasonable." *See*, *Fields,* 383 F. 3d at 564.

### V. Rhone's §1692f Claim Fails Because It Is Based On The Same Conduct As Her § 1692e Claim.

In Rhone's First Amended Complaint, she alleged that MBB violated 15 U.S.C. § 1692f and 1692f(1) by breaking a single debt into nine separate debts. *See*, D.E. 22, ¶ 24.[5] In an attempt to salvage that claim, Rhone simply argues, for the first time, that the exact same conduct violates both §§ 1692e and § 1692f – MBB reported the same debt nine time. See, D.E. 50, p. 9. A §1692f claim fails as a matter of law where the claim fails to identify any misconduct beyond that which plaintiff alleges violates other provisions of the FDCPA. *Brown v. Credit Mgmt., LP,* 2015 U.S. Dist. LEXIS 123353, * 19 (N.D. Ga. May 18, 2015); *Taylor v. Heath W. Williams, L.L.C.,* 510 F. Supp. 2d 1206, 1217 (N.D. Ga. 2007). *Ghylyani v. Stephens & Michaels Assoc.,* 2015 U.S. Dist. LEXIS 145424, * 14-15 (S. D. N.Y. Oct. 26, 2015). Here, Rhone's § 1692e and § 1692f claims are based on the same conduct – reporting one debt as nine debts. She has failed to articulate how the underlying facts differ between her two claims. Due to that failure, her § 1692f claim fails as a matter of law.

MBB respectfully requests that Rhone's motion for summary judgment be denied and that MBB's motion for summary judgment be granted.

---

[5] However, the undisputed evidences shows that that is impossible for MBB to so. See, DSAMF ¶ 15.

## VI. There Is No Admissible Evidence That MBB Damaged Rhone.

In her brief, Rhone argues that she was damaged by MBB's actions. However, such damage has no bearing on this case because Rhone is not seeking actual damages, including emotional distress damages, or statutory damages. *See*, Defendant's Response to Plaintiff's Statement of Material Facts ("DRPSMF") ¶ 24. Rhone even admits that damages are irrelevant to her case. *See*, DRPSMF ¶ 24. The only relief she is seeking is to have the nine tradelines consolidated into one tradeline. *See*, DRPSMF ¶ 24. Such a claim for relief was not requested in either of Rhone's complaints. *See*, D.E. 1 and 22.

Even if Rhone were seeking damages, the record is devoid of any admissible evidence proving such damage. For the first time in this case, Rhone describes her "damage" in a self-serving declaration attached to her summary judgment brief. *See*, D.E. 51-2. Her declaration states that she suffered stress, aggravation and harm to her credit because of MBB's actions. *See*, D.E. 51-2, ¶ 8. In October 2016, MBB specifically requested for Rhone to describe the nature of any damage that MBB caused her. *See*, DRPSMF ¶ 24. Rhone responded refusing to provide any of the information that MBB requested stating she will defer a response until discovery is near to an end. *See*, DRPSMF ¶ 24. At no point did Rhone amend or supplement her discovery response to state what damage MBB allegedly caused her. Not even during her deposition did Rhone identify any stress or aggravation related to MBB's activity. Now, at summary judgment, and for the first time, Rhone identifies her alleged damages. This evidence should not be considered since Rhone refused to provide it during discovery.

Lastly, Rhone argues that her credit rating has been damaged. This argument fails for two reasons: 1) it is based on inadmissible hearsay, and 2) she has not provided any admissible evidence showing that she was denied credit as a result of MBB's activity.

Rhone's only source of knowledge regarding why she was denied a car loan is that some unidentified person told her. *See*, DRPSMF ¶ 22. She was *told* she was denied credit. This is classic hearsay – an out-of-court statement that Rhone attempts to introduce to prove that she was denied credit because of MBB's actions – and it is inadmissible. *Lamar v. Experian Info. Sys.,* 408 F. Supp. 2d 591, 596-597 (N.D. Ill. 2006). This Court cannot consider Rhone's inadmissible hearsay statements as to why she was allegedly denied credit.

Although she testified that she possessed documents proving she was denied credit, none has been produced. *See*, DRPSMF ¶ 24. Furthermore, Rhone was put on notice of her duty to supplement her discovery responses, and yet she still has yet to produce any document related to a credit denial. *See*, DRPSMF ¶ 24.

In summary, Rhone, for the first and only time, provided a declaration regarding her damages. This information was requested in discovery and she failed to provide it. Now, at summary judgment, she provides the information. Lastly, any evidence related to her alleged credit denials is either inadmissible hearsay or simply does not exist.

## **CONCLUSION**

Rhone agrees that she owes money to IBJI for nine dates of service in January and February 2013 totaling $540. Her issue is not that MBB attempted to collect $540 from her. Her only issue is that she wanted it displayed as $540 instead of nine entries of $60. The undisputed evidence is that each of the date of service was a separate debt and MBB accurately reported them as such. It is undisputed that MBB's reporting of Rhone's debts was accurate and does not violate the FDCPA. Furthermore, such accurate reporting was not deceptive, misleading, unfair or unconscionable because it provided Rhone with full knowledge to assess the validity of her debts. MBB actions did not violate the FDCPA.

- 12 -

MBB respectfully requests that Rhone's motion for summary judgment be denied and that MBB's motion for summary judgment be granted.

        By: /s/Nicole M. Strickler
        Nicole M. Strickler
        Messer Strickler, Ltd.
        225 W. Washington Street, Suite 575
        Chicago, Illinois 60606
        312-334-3469
        312-334-3473 (fax)
        IL # 6298459
        nstrickler@messerstrickler.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2017 I caused to be electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which will send notification of such filing to the attorneys of record.

By: /s/Nicole M. Strickler
Nicole M. Strickler
Messer Strickler, Ltd.
225 W. Washington Street, Suite 575
Chicago, Illinois 60606
312-334-3469
312-334-3473 (fax)
IL # 6298459
nstrickler@messerstrickler.com