

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DIANE RHONE,               )
                           )
      Plaintiff,           )
                           )
   v.                      )   No. 16 C 5215
                           )
MEDICAL BUSINESS BUREAU, LLC, )
                           )
      Defendant.           )

### MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Diane Rhone's (Rhone) motion for summary judgment and on Defendant Medical Business Bureau, LLC's (MBB) motion for summary judgment. For the reasons stated below, Rhone's motion for summary judgment is granted in part and denied in part, and MBB's motion for summary judgment is granted in part and denied in part.

### BACKGROUND

Rhone allegedly suffered an injury and sought physical therapy at the Illinois Bone and Joint Institute (IBJI) from October 2012 to December 2013. Rhone was allegedly billed for the services and her insurance covered the amounts owed except for approximately $540 (Debt). IBJI allegedly assigned the Debt to MBB for

1

collection and years later MBB allegedly communicated information to Equifax consumer reporting agency regarding the Debt. According to Rhone, instead of reporting one tradeline of the Debt, MBB reported nine separate tradelines on Rhone's credit report. Rhone contends that each of the additional eight duplicative negative tradelines resulted in a further drop in her credit score. Rhone includes in her amended complaint a claim alleging the use of false, duplicative, and misleading representations in connection with the collection of a debt in violation of 15 U.S.C. § 1692e (Section 1692e) of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.* Rhone also includes in her amended complaint a claim alleging the use of unconscionable means to collect a debt in violation of 15 U.S.C. § 1692f (Section 1692f) of the FDCPA. Rhone and MBB have each filed a motion for summary judgment.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material

fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Phillip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). In ruling on a motion for summary judgment, the court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000). When there are cross motions for summary judgment, the court should "construe the evidence and all reasonable inferences in favor of the party against whom the motion under consideration is made." *Premcor USA, Inc. v. American Home Assurance Co.*, 400 F.3d 523, 526-27 (7th Cir. 2005).

## DISCUSSION

### I. Section 1692e Claim

The parties each move for summary judgment on the Section 1692e claim. Section 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. MBB argues that it accurately reported that Rhone had nine separate debts. It is undisputed that Rhone received physical therapy on nine separate dates and that she was charged $134 for each of her visits. (R MSF Par. 6-

3

8). It is also undisputed that after insurance payments, Rhone still owed $60 for each of the visits. (R MSF Par. 8). MBB contends that it accurately reported that Rhone owed $540. Rhone, however, has never based her claims on statements regarding the amount of the Debt. It was MBB's duplicative reporting that Rhone contends caused unwarranted harm to Rhone's credit record.

MBB also contends that IBJI presented MBB with nine separate debts. (R MSF Par. 8-9, 11). However, MBB, as a debt collector was not excused from complying with the FDCPA simply because IBJI presented the debt in such a fashion. MBB was assigned the Debt and it was incumbent upon MBB as a debt collector to look past the number of invoices from IBJI and take reasonable steps to comply with the FDCPA. MBB had the benefit of the invoices and information regarding the treatment charges for the same injury and the amount of the total debt before MBB reported it to Equifax as nine debts. Under the facts in this case, it should have been apparent that there was one debt that should have been reported in one tradeline. It is undisputed that MBB notified Rhone of the amount owed for the nine therapy sessions in a single letter long before MBB reported to Equifax. (R RSF Par. 20). If Rhone truly owed nine debts, it would not have been improper for MBB to send a letter for each debt. In fact combining information concerning nine separate and distinct debts in one collection letter could result in consumer confusion and run afoul of the FDCPA. Yet, MBB's representative indicated at his deposition that he did not send nine letters because MBB would be sued "for harassment for

doing something like that." (Mock Dep. 36). MBB would not have violated the FDCPA by consolidating the therapy session charges into one debt. Rhone correctly points out that MBB would not have filed nine separate legal actions to collect the Debt. MBB would have filed a single action for a single debt.

Rhone contends that MBB, by multiplying her debt into nine debts misrepresented the character of the Debt. The undisputed facts show that the charges were all within the span of one month. (R RSF Par. 12). The undisputed facts show that MBB was assigned the Debt nine months after the last charge for physical therapy. (R RSF Par. 11-12). It is also undisputed that MBB did not make a report to Equifax until more than three years after the last charge. (R RSF Par. 12-13). Thus, a substantial amount of time passed, and MBB was faced with collection of a cumulative debt owed to a single creditor, relating to charges for therapy sessions within the span of a month to remedy a single injury. Thus, the debt owed was the total amount for the nine visits. Yet, MBB inexplicably chose to simultaneously report nine different tradelines in regard to the Debt. By making nine separate reportings for one debt under the circumstances present in this case, MBB misstated the character of the Debt. See 15 U.S.C. § 1692e(2)(A)(stating that Section 1692e prohibits the "false representation of . . . the character . . . of any debt"). MBB's arbitrary and unjustified choice to make duplicative tradelines and violation of Section 1692e caused harm to Rhone's credit. MBB improperly characterized nine separate charges relating to the same treatment course for an

injury as nine separate debts. Therefore, Rhone's motion for summary judgment on the Section 1692e claim is granted, and MBB's motion for summary judgment on the Section 1692e claim is denied.

II. Section 1692f Claim

The parties each move for summary judgment on the Section 1692f claim. Section 1692f provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. MBB argues that Rhone cannot base her Section 1629f claim on the same conduct that underlies her Section 1692e claim. Section 1692f is a catchall provision that "broadly prohibits unfair and unconscionable conduct, where the conduct is similar to that prohibited by the FDCPA but not covered by any other section therein." *Mills v. Turner*, 2017 WL 3670967, at *10-11 (D. Mass. 2017)(internal quotations omitted)(quoting *Davis v. Diversified Consultants, Inc.*, 36 F. Supp.3d 217, 228 (D. Mass. 2014)); *see also Biber v. Pioneer Credit Recovery, Inc.*, 229 F. Supp. 3d 457, 474 (E.D. Va. 2017)(stating that "it is axiomatic that a § 1692f cause of action may not be based on the same alleged misconduct that undergirds [a] § 1692e claim")(internal quotations omitted)(quoting *Lembach v. Bierman*, 528 F. App'x 297, 304 (4th Cir. 2013)). In the instant action, Rhone relies on the same facts for her Section 1692f claims as her Section 1692e claim. As indicated above, Rhone's allegations fall within the purview of Section 1692e and Rhone is entitled to recover

under Section 1692e. She cannot gain a double recovery by seeking relief again for the same harm under Section 1692f. Therefore, MBB's motion for summary judgment on the Section 1692f claim is granted, and Rhone's motion for summary judgment on the Section 1692f claim is denied.

## CONCLUSION

Based on the foregoing analysis, Rhone's motion for summary judgment on the Section 1692e claim is granted, and MBB's motion for summary judgment on the Section 1692e claim is denied. MBB's motion for summary judgment on the Section 1692f claim is granted, and Rhone's motion for summary judgment on the Section 1692f claim is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: October 25, 2017