**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DIANE RHONE, )  | |
| ) | |
|      Plaintiff     ) | Civil Action File No. |
| vs.     ) | 1:16-cv-05215 |
| ) | |
| MEDICAL BUSINESS BUERAU, LLC, ) | |
| ) | |
| Defendant.     ) | |
| _____) | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S**
**MOTION FOR ATTORNEYS' FEES AND COSTS**

Defendant Medical Business Bureau, LLC ("MBB") opposes Plaintiff Diane Rhone's ("Rhone") Motion for Attorneys' Fees and Costs as follows:

## I.    Introduction

On October 25, 2017, this Court granted in part and denied in part both MBB and Rhone's motions for summary judgment. *See* D.E. 70. On the same date, this Court ordered that Rhone file her motion for attorney's fees and costs. *See id.* On November 20, 2017, Rhone filed her motion for attorneys' fees. *See* D.E. 80.

This district is all too familiar with Rhone's counsel and their billing tactics. As explained in more detail below, in numerous cases, Rhone's attorneys' requested hourly rate has been rejected and their hours have been reduced substantially. A similar outcome is warranted here as Rhone has failed to produce any evidence supporting her attorneys' requested rates and has failed to demonstrate that the hours requested are reasonable.

## II.    Rhone Failed to Produce Evidence Supporting Her Attorneys Requested Rates.

The first step in the reasonable attorney award fee is determining the attorneys' hourly rates. The burden of establishing the rate is on the plaintiff. *Evans v. Portfolio Recovery Assocs., LLC,*

2017 U.S. Dist. LEXIS 108037, * 4 (N.D. Ill. July 12, 2017).  If the plaintiff fails to carry this burden then the Court has authority to determine the reasonable rate.  *Stockman v. Global Credit & Collection Corp.*, 2015 U.S. Dist. LEXIS 111113, *6 (N.D. Ill. Aug. 21, 2015) (quoting *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 640 (7th Cir. 2011)).

This district has held that the following is a list of sufficient evidence to prove an attorney's reasonable hourly rate:

- The attorney's actual billing for similar work,

- Evidence of rates of similarly experienced attorneys in the community charged paying clients for similar work, and

- Evidence of fee awards the attorney has received in similar cases.

*Id.* (quoting *Johnson v. GDF, Inc.,* 668 F. 3d 927, 933 (7th Cir. 2012)).  The Seventh Circuit, however, has stressed that the "best measure of the cost of an attorney's time is what that attorney could earn from paying clients."  *Gusman v. Unisys Corp.,* 986 F. 2d 1146, 1150 (7th Cir. 1993).  What another person is willing to pay "establishes the market's valuation of the attorney's services."  *Id.*; *see also Mathur v. Bd. of Trs. of S. Univ.*, 317 F.3d 738, 743 (7th Cir. 2013) (finding the best evidence of the market rate is the hourly rate the attorneys receive from paying clients for similar services).

Here, hourly rates for three attorneys are sought as follows:

- Celetha Chatman: $335[1]

- Michael Wood: $372[2]

---

[1] Ms. Chatman has been practicing just barely over two years.

[2] Mr. Wood has been practicing just barely over three and a half years.  It should be noted that defense counsel has been practicing with a focus on defending consumer litigation, such as the FDCPA case at issue, for many more years than Plaintiff's counsel and their rates are substantially

2

- Andrew Finko: $450

As "evidence" in support of these requested rates, declarations from each of the attorneys were provided. As this Court has already told both Wood and Finko, however, an attorney's "self-serving affidavit" cannot by itself satisfy the plaintiff's burden of establishing the market rate. *Evans*, 2017 U.S. Dist. LEXIS 108037, *5 (N.D. Ill. July 12, 2017). Indeed, that an attorney believes the claimed rates to be reasonable is of no value to this Court's analysis. *See Kaylor-Trent v. John C. Bonewicz, P.C.*, 916 F. Supp. 2d 878, 885 (C.D. Ill. 2013) (giving no weight to affidavit of local attorney that he is aware of prevailing rates for consumer protection law attorneys in that area and that the rates plaintiff's attorneys sought are reasonable); *Elusta v. City of Chicago*, 760 F. Supp. 3d 792, 798 (N.D. Ill. 2010) (finding affidavit stating that the rates sought were reasonable of little use to the court); *Soleau v. Illinois Dept. of Transp.*, 2011 U.S. Dist. LEXIS 64814, at *8 (N.D. Ill. June 9, 2011) (that an affiant believes the time spent and billing rates used in the case are reasonable is insufficient to support a requested rate).

Notably, Rhone has utterly failed to produce any evidence of the actual rate paid to her attorneys for underline work. Only Wood provides any evidence of what he charges paying clients.[3] That evidence is insufficient, however, as Wood merely provided invoices related to a foreclosure defense case and bankruptcy filing.[4] *See* D.E. 80-2. Clearly, those two cases are not similar to the

---

lower than Plaintiff's counsel. For example, Nicole Strickler has been practicing in this area for almost nine years and charges paying clients only $350/hr.; while Katherine Olson has almost five and a half years of experience and charges paying clients a rate of $295/hr. Both Ms. Strickler and Ms. Olson practice primarily in this district.

[3] Finko testified that his current clients pay his $450 rate and directed the Court to an exhibit attached to his declaration as evidence. However, no such exhibit was filed with the Court.

[4] Moreover, the rate purportedly paid in the bankruptcy case was less than that sought here. *See* D.E. 80-2.

FDCPA case at bar. Since those cases are unrelated to the case at bar, and as this Court has told Wood on at least two separate occasions, that evidence does not provide any "significant weight." *Stockman v. Global Credit & Collection Corp.*, 2015 U.S. Dist. LEXIS 111113, *7-8 (N.D. Ill. Aug. 21, 2015); *Farooq v. Portfolio Recovery, LLC,* 2016 U.S. Dist. LEXIS 66180, *6 (N.D. Ill. May 19, 2016). Indeed, when the very same evidence was presented in an FDCPA case in this district, the court rejected same finding that "these invoices do not establish that the hourly rates [plaintiff] has requested for Wood and Finko represent their actual billing rates for *similar* work." *See Evans*, 2017 U.S. Dist. LEXIS 108037 at *6 (emphasis added). Rhone also fails to provide any evidence as to what similarly experienced attorneys within this district charge paying clients for similar work. The only discussion of rates is that of Rhone's three attorneys.

Lastly, Rhone also fails to produce any evidence showing that her attorneys have actually been awarded the requested rates. Rhone argues that courts have awarded her attorneys each of their requested rates; however, the undersigned counsel has not found any FDCPA case where any of Rhone's attorneys have been awarded the rates they are currently seeking.[5] Rhone's three attorneys routinely inflate their "reasonable" hourly rate only to have this district award a lower hourly rate. *See Stockman v. Global Credit & Collection Corp.*, 2015 U.S. Dist. LEXIS 111113 (N.D. Ill. Aug. 21, 2015); *Farooq v. Portfolio Recovery, LLC*, 2016 U.S. Dist. LEXIS 66180 (N.D. Ill. May 19, 2016); *Holloway v. Portfolio Recovery Associates, LLC*, United States District Court for the Northern District of Illinois, Civil Action File No. 1:15-cv-11568, Doc. 31 June 6, 2016; *Evans*, 2017 U.S. Dist. LEXIS 108037 (N.D. Ill. July 12, 2017). For example, most recently this

---

[5] Wood contends that he was awarded $372 an hour in *Serrano v. Alliant Capital Management, LLC, et al.* Case No. 16-cv-08602 (N.D. Ill.). That was a default judgment case, and the hourly rate was never contested. *See id.* Moreover, a cursory review of Wood's affidavit and fee documents in that case show that Mr. Wood only sought $352/hr. in that case and that Ms. Chatman only sought $315/hr. *See id.* at D.E. 11-1.

district reduced the claimed rates of Wood and Finko and held that $300 an hour was reasonable for Wood and $415 an hour was reasonable for Finko. *See Evans*, 2017 U.S. Dist. LEXIS 108037 at *7 - 8.

Because Rhone has failed to carry her burden of establishing the reasonable rate, this Court has authority to determine the reasonable rate for Rhone's attorneys. MBB proposes the following rates for Rhone's attorneys:

- Celetha Chatman: $263

- Michael Wood: $300

- Andrew Finko: $415

These rates are based on the most recent case determining fees charged by Rhone's counsel – *Evans.* Similar to this case, the *Evans* case was litigated through summary judgment. In *Evans*, the court analyzed both Mr. Finko and Mr. Wood's rates and held that the above suggested rates were reasonable. Although Ms. Chatman's rate was not analyzed in that case, given the self-imposed difference of $37 between Mr. Wood and Ms. Chatman's requested rates in the present petition, a similar difference of $37 can reasonably be applied here.

### III.  <u>Rhone's Hours Are Unreasonable and Should Be Greatly Reduced.</u>

The next step in the fee calculation is determining the reasonable hours incurred to prosecute the case. In making this determination, this court is to exercise its discretion to remove any "excessive, redundant or otherwise unnecessary" hours and is permitted to "adjust the amount up or down to take into account various factors regarding the litigation." *Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 708 (7th Cir. 2001); *Mathur*, 317 F.3d at 742. Notably, courts have routinely reduced the numbers of hours awarded to Rhone's attorneys. *See e.g.*, *Evans,* 2017 U.S. Dist. LEXIS 108037 *12 (reducing by one-third the amount of time spent on discovery

requests and reducing by half the amount of time spent on the motion for summary judgment). Similarly here, Rhone's attorneys should not be compensated for administrative or clerical work or excessive, redundant or unnecessary hours.

### a. <u>Administrative and Clerical Work</u>

Plaintiffs are to exercise billing judgment but when they fail to do so the court may do so for them. *See Farooq*, 2016 U.S. Dist. LEXIS 66180 at * 9. The Court can exclude administrative or clerical work performed by attorneys. *Id*. In the Seventh Circuit, the following tasks are administrative in nature: document preparation, copying or faxing documents, scheduling matters, mailing letters, sending documents to clients, drafting cover sheets and filing documents with the court. *Spegon v. Catholic Bishop of Chi*., 175 F.3d 544, 553 (7th Cir. 1999); *Young v. Accounts Recovery Bureau, Inc.,* 2012 U.S. Dist. LEXIS 122904, at *11-12 (S.D. Ind. Aug. 8, 2012). Where many billing entries involve administrative tasks a 30% reduction of total billing time is appropriate. *Vaughn v. Account Recovery Serv.,* 2015 U.S. Dist. LEXIS 111861, * 2-3 (N.D. Ill. April 24, 2015) ("Because many of the billing entries involve administrative tasks . . . the Court finds a 30% reduction in Plaintiff's hours to be appropriate"). This district has applied such a reduction to Rhone's attorneys on at least two occasions for their failure to apply billing judgment and including time for administrative or clerical work. In both instances, the court reduced Rhone's attorneys' hours by 30%. *See id.*; *Chatman v. Stellar Recovery, Inc.,* 2017 U.S. Dist. LEXIS 34213, * 6-7 (N.D. Ill. March 10, 2017).

Here, Rhone's attorneys are seeking compensation at attorney rates for clearly administrative and clerical work. As noted above, this is a billing tactic applied by Rhone's attorneys in several cases in order to increase their recovery. A cursory review of even just the first page of Rhone's billing statements demonstrates the problem:

| Date | Time Billed | Rate | Description |
|------|-------------|------|-------------|
| 5/13/16 | .2 | $372 | Obtain Defendant's File Detail Report from Illinois Secretary of State |
| 5/13/16 | .2 | $372 | Obtain Defendant's Collection Agency License from IDFPR |
| 5/13/16 | .4 | $372 | Prepare and redact exhibits A-C |
| 5/13/16 | .2 | $372 | Prepare and file attorney appearance for Michael Wood |
| 5/13/16 | .2 | $335 | Prepare and file attorney appearance for Celetha Chatman |
| 5/13/16 | 1 | $372 | Review complaint and exhibits, compare atty notes, updates to timeline.  Complaint ready for filing. |
| 5/13/16 | .3 | $372 | File complaint and exhibits in Northern District of Illinois |
| 5/13/16 | .2 | $372 | Prepare and file coversheet with Northern District of Illinois |

These administrative and clerical tasks make up approximately 29% of all billing on the first page of Rhone's fee statements.  Similar entries appear repeatedly throughout Rhone's billing statements (MBB has refrained from reproducing those records for brevity's sake).  Each of these tasks falls within the Seventh Circuit's definition of administrative or clerical work.  Time for such tasks performed by attorneys should be excluded from the fee calculation.  Therefore, MBB proposes, similar to prior cases resolving Mr. Wood and Mr. Finko's attorneys' fees, that the hours sought be reduced by 30% to exclude administrative and clerical work.

**b.  Excessive, Redundant, and Unnecessary Time**

The Supreme Court has stated that excessive, redundant and unnecessary time should be excluded from the fee calculation.  *Hensely v. Eckerhart,* 461 U.S. 424, 434 (1983).  The following time is excessive, redundant or unnecessary and should be excluded: time relating to filing motion for class certification and certain tasks related to discovery.

**Class Action Time**

Rhone originally filed this case as a class action and went as far as filing a premature motion for class certification which was stricken.  *See* D.E. 16.  Rhone ultimately abandoned her

class claims. *See* D.E. 55-1, pg. 81. Even though her class claims and motion for class certification

were unsuccessful Rhone seeks recovery for time associated with same:

| **Date** | **Time Billed** | **Rate** | **Description** |
|---|---|---|---|
| 9/9/16 | 2 | $335 | Draft motion for class certification and notice to present motion on 9/27/16 at 9:00 a.m. |
| 9/11/16 | .5 | $335 | Review Plaintiff's motion for class certification, compare to complaint, rile motion |
| 9/26/16 | .5 | $335 | Prepare for motion hearing on plaintiff's motion for class certification |
| 9/27/16 | 1 | $335 | Attend motion hearing |

Given that Rhone was unsuccessful on the motion and her class claims, it is not appropriate for

her attorneys to receive compensation for that work. Therefore, Rhone's hours should be reduced

by another 4 hours to exclude the time relating to the unsuccessful class certification motion.

**Discovery Matters**

Rhone's hours in drafting discovery requests and a deposition notice are also excessive.

The following is a list of all the excessive time billed regarding these matters;

| **Date** | **Time Billed** | **Rate** | **Description** |
|---|---|---|---|
| 9/26/16 | 1.4 | $335 | Draft Plaintiff's interrogatories to Defendant |
| 10/6/16 | 1.2 | $335 | Draft Plaintiff's requests to admit to Defendant |
| 10/6/16 | 1.3 | $335 | Draft Plaintiff's request to produce to Defendant |
| 1/13/17 | 1.2 | $335 | Draft Notice of Rule 30(b)(6) deposition of Defendant |
| 3/2/17 | 2 | $335 | Draft, review and mail Plaintiff's second set of requests for production of documents and interrogatories to Defendant |
| 4/4/17 | 1 | $335 | Draft Notice of Rule 30(b)(6) deposition of Defendant |

All of this time was billed by Ms. Chatman who argues that she is an experienced FDCPA attorney.

Yet, Ms. Chatman billed 5.9 hours drafting discovery requests. Notably, these requests were

largely identical to requests prepared and served by Ms. Chatman in another case in this district.

*Compare* Discovery Requests propounded in *Moses v. Ltd. Financial Services I, Inc.*, 1:16-cv-

05190 (N.D. Ill.), attached hereto as **Exhibit A** with D.E. 51-4, D.E. 65-4, D.E. 65-5. "Thus, it is

highly unlikely that the time recorded in this case to draft discovery requests represents the actual

time required to minimally edit similar documents." *Evans*, 2017 U.S. Dist. LEXIS 108037, at *11 (reducing requested time for discovery requests by 1/3). It is further notable, that many of the discovery requests drafted by Ms. Chatman related to class claims which were ultimately abandoned, and thus should not be compensated for. Ms. Chatman also billed an additional 2.2 hours drafting a notice of deposition, which is excessive on its face. MBB proposes that Rhone should only be awarded 4.05 hours total for the aforementioned work.

Rhone's attorneys are also seeking excessive time for the three depositions taken in this case. Here are the billing entries related to the depositions:

| Date | Time Billed | Rate | Description |
|---|---|---|---|
| 2/21/17 | 4 | $335 | Take 30(b)(6) deposition of Eric Mock |
| 4/10/17 | 3.3 | $450 | Take 30(b)(6) deposition of Terri Blye |
| 4/27/17 | 3.3 | $450 | Defend Plaintiff's deposition |

The deposition transcripts show that each of these depositions took a lot less time than what Rhone's attorneys billed. Eric Mock's deposition lasted one hour and forty five minutes yet Ms. Chatman billed four hours. *See* D.E. 55-4, pg. 2 and 22. Terri Blye's deposition lasted two hours and twenty minutes yet Mr. Finko billed for three hours and eighteen minutes. *See* D.E. 55-3, pg. 2 and 24. Lastly, Rhone's deposition lasted two hours and twenty minutes, yet Mr. Finko billed for three hours and eighteen minutes. *See* D.E. 55-1, pg. 2 and 28. The record clearly shows that Rhone's billing statements are incorrect. The time billed for these tasks greatly exceed the time the tasks actually took. MBB proposes that Rhone only be compensated for the amount of time the actual depositions took. Therefore, MMB proposes the following hours and rates for these tasks:

| Date | Time Billed | Rate | Description |
|---|---|---|---|
| 2/21/17 | 1.8 | $263 | Take 30(b)(6) deposition of Eric Mock |
| 4/10/17 | 2.4 | $415 | Take 30(b)(6) deposition of Terri Blye |
| 4/27/17 | 2.4 | $415 | Defend Plaintiff's deposition |

**Redundant Work**

Lastly, MBB contends that Rhone should not be compensated where two attorneys were performing the same tasks. This is redundant time and should be excluded. The following is a list of the duplicative work performed by Rhone's attorneys:

| Date | Time Billed | Rate | Description |
|------|-------------|------|-------------|
| 11/4/16 | 2.3 | $335 | Receive, review and note Defendant's answers and objections to Plaintiff's first set of discovery requests |
| 11/4/16 | 2.4 | $372 | Review Defendant's document production |
| 11/7/16 | 1 | $335 | Strategy Meeting MW regarding First Amended Complaint |
| 11/7/16 | 1 | $372 | Strategy Meeting MW regarding First Amended Complaint |
| 5/18/17 | 1.3 | $335 | Strategy Meeting MW regarding Motion for Summary Judgment |
| 5/18/17 | 1.3 | $372 | Strategy Meeting MW regarding Motion for Summary Judgment |

Both Ms. Chatman and Mr. Wood were both performing the same tasks in each of the above referenced entries. MBB proposes excluding Mr. Wood's time for each of these entries and only awarding Ms. Chatman's time for the same.

Based on the above reduction of administrative, redundant, excessive and unnecessary time, MBB proposes the following reasonable hours along with reasonable rates:

| Attorney | Rate | Hours | Total |
|----------|------|-------|-------|
| Celetha Chatman | $263 | 65.35 | $17,187.05 |
| Michael Wood | $300 | 13.08 | $3,924.00 |
| Andrew Finko | $415 | 10.9 | $4,523.50 |
| | | **Total:** | **$25,634.55** |

## CONCLUSION

Rhone failed to carry her burden of proving that her attorneys' rates were either reasonable or the market rates. Due to this failure, the Court can reduce the rates requested to reach a reasonable rate. Furthermore, Rhone's billing statements show that her attorneys hours are unreasonable. Those records include time for administrative and clerical work along with excessive, redundant and unnecessary time. This Court should exclude all time that falls into those

categories. As stated above, MBB proposes that $25,634.55 is a reasonable fee for the work performed by Rhone's counsel in this case.

Respectfully submitted,

**MEDICAL BUSINESS BUREAU, LLC**

**DATED: January 9, 2018**

/s/ Nicole M. Strickler
Nicole M. Strickler
IL #6298459
Messer Strickler, Ltd.
225 W. Washington St., Ste. 575
Chicago, IL 60606
(312) 334-3469
(312) 334-3473 (FAX)
nstrickler@messerstrickler.com
*Attorney for Defendant*

11

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of January 2018, a true and accurate copy of the foregoing was filed with the Clerk of Court using the ECF system which will send notification of such filing to the attorneys of record.

/s/ Nicole M. Strickler
Nicole M. Strickler
IL #6298459
Messer Strickler, Ltd.
225 W. Washington St., Ste. 575
Chicago, IL 60606
(312) 334-3469
(312) 334-3473 (FAX)
nstrickler@messerstrickler.com
*Attorney for Defendant*