**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DIANE RHONE, individually and on behalf of all others similarly situated, | ) ) ) | |
| PLAINTIFF, | ) ) | Civil Action No. 16-cv-05215 |
| v. | ) ) | Honorable Virginia M. Kendall |
| MEDICAL BUSINESS BUREAU, LLC, | ) ) | Magistrate Judge Maria Valdez |
| DEFENDANT. | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR ATTORNEYS' FEES AND COSTS**

Plaintiff, Diane Rhone, by and through her attorneys, Community Lawyers Group, Ltd., and Andrew Finko, P.C., for her Reply in Support of her Motion for Attorneys' Fees and Costs, states as follows:

**I.     INTRODUCTION**

Defendant proposes that Plaintiff's requested fee award in this matter should be reduced by more than half, despite Plaintiff successfully enforcing liability and obtaining the maximum amount of statutory damages available in a Fair Debt Collection Practices Act ("FDCPA") action. Defendant first argues that Plaintiff's attorneys' rates should be reduced. It then argues that Plaintiff's hours are unreasonable and should therefore be greatly reduced. After nearly 17 months of litigation, Plaintiff reasonably and understandably incurred substantial fees and costs, all of which were reasonable and necessary to obtain the result that Plaintiff did. Plaintiff is entitled to recover a fully compensable fee.

1

## II. PLAINTIFF HAS PRODUCED SUFFICIENT EVIDENCE TO SUPPORT HER ATTORNEYS' REQUESTED RATES

Defendant points out, as did Plaintiff in her Motion, that the best evidence of an attorney's hourly rate is generally the hourly rate an attorney receives from paying clients for similar services. (Dkt. #85, p. 2). Defendant argues that Plaintiff has "utterly failed" to produce any evidence of the actual rate paid to her attorneys for similar work. (*Id.* at p. 3). In an effort to produce such evidence, Plaintiff submitted invoices and payment receipts from the clients that are billed hourly for other consumer matters because those matters are similar in nature to a case brought under the FDCPA because that is the only evidence Plaintiff's attorneys have of clients paying their actual hourly rates. The bulk of Plaintiff's counsel's practice is in fee shifting FDCPA litigation, and Plaintiff's counsel do not directly bill for FDCPA work as Congress has mandated that FDCPA defendants are to pay the legal fees and costs of the successful action. Therefore, Plaintiff's counsel does not have evidence of the hourly rate they would receive from paying FDCPA clients, because Congress has dictated that no such clients exist.

Aside from providing evidence of actual rates for other, similar, consumer matters, such as consumer debt defense, Plaintiff also pointed to several cases where Attorneys Wood, Chatman, and Finko were involved in contested fee petitions. Plaintiff did so because, as explained in her Motion, the *next* best evidence of an attorney's market rate includes evidence of fee awards the attorney has received in similar cases, as well as the rate charged by similarly skilled attorneys in the relevant community. P*eople Who Care v. Rockford Bd. of Educ., Sch. Dist. No. 205*, 90 F.3d 1307, 1310-12 (7th Cir. 1996). Despite pointing to various fee awards and producing the corresponding billing records, Defendant claims that Plaintiff produced no evidence of her attorneys' rates and proposes that Chatman be awarded a rate of $263 per hour, Wood be awarded a rate of $300 per hour, and Finko be awarded a rate of $415 per hour. (Dkt. #85, p. 5).

Defendant urges this Court to award Chatman an hourly rate that is $33 lower than the lowest rate she has ever been awarded, for no reason other than $37 is the difference between Chatman's and Wood's requested rates and thus the rate she should be awarded here should be $37 less than the amount this Court should award Wood. (Dkt. #85, p. 5). Defendant also proposes a rate of $300 for Wood, who, on several occasions, has been awarded a rate <u>above</u> $300 per hour.

In the matter of *Holloway v. Portfolio Recovery Assocs., LLC*, which involved Wood, Chatman, and a contested fee petition, Judge Pallmeyer awarded Chatman her initial rate of $295 per hour. *See Holloway*, No. 15-cv-11568 (N.D.IL), Dkt. #31, p. 1. The court there recognized that Chatman had previously been awarded $295 per hour in consumer cases and $300 per hour in bankruptcy cases, and found that the "$295 per hour rate she claims here is reasonable." *See id.* Wood was awarded a rate of $327 per hour, which was his hourly rate in 2015. *Id.*

Subsequently, in *Chatman v. Stellar Recovery, Inc.*, No. 16-cv-00833 (N.D.IL), plaintiff's fee petition was contested and Judge Leinenweber awarded Wood a rate of $352 per hour and Chatman a rate of $315 per hour, explaining that part of his reasoning for Chatman's award was because "a $20 hourly rate hike approximately six months after a young attorney is admitted to the bar strikes the Court as reasonable." *See Chatman*, Dkt. #27, p. 4. Chatman's and Wood's time in *Chatman* and the instant case overlap for only six months (*Rhone* was filed on 5/13/16 and time was billed in *Chatman* up to and including 11/8/16) (*See Chatman*, Dkt. #21-1, Exhibit. A). It is thus reasonable for Wood and Chatman to subsequently increase their hourly rates by a modest $20 per hour (up to $372 from $352 and up to $335 from $315, respectively) given their increasing litigation experience, and Judge Shah's recent decision approving them at rates of $372 and $335 per hour, as discussed below.

3

Most recently, in the matter of *Garrett v. David M. Blaskovich, P.C. et al*, No. 17-cv-00087, Dkt. #49, a class action case involving both Wood and Chatman, Judge Shah granted counsel's motion for final approval of a class action settlement agreement, as well as their petition for attorneys' fees and costs. There, Plaintiff's counsel Wood and Chatman were approved at hourly rates of $372 and $335 respectively, after certifying the class for settlement purposes. This serves as additional evidence of past fee awards that Plaintiff's counsel have been involved in. *See West v. Credit Control Servs., Inc.*, 2017 WL 4938405, *2 (N.D. Ill. Oct. 30, 2017) (counsel pointed to court orders to show his rates have previously been found fair and reasonable, and court found that "[s]ome of the orders are class action settlement approval orders, which are not the result of adversarial procedures, but that is not a reason to reject them.").

Attorney Finko has been practicing law for over 20 years and his rate of $450 is justified by his substantial experience in consumer protection law in both state and federal courts, including FDCPA individual and class actions in this District. He too has been paid his actual hourly rate by paying clients in the consumer law field, specifically in foreclosure defense matters. (*See* Dkt. #80-2, Exhibit 1) (invoices and payment receipts reflecting Attorneys Wood and Finko charging paying clients at hourly rates of $372 and $450, respectively). Like Wood and Chatman, Finko similarly does not have evidence of FDCPA clients paying his current hourly rate, and therefore submitted evidence of clients in other consumer law matters who pay his current hourly rate, as well as evidence of past fee awards.

There are also examples of attorneys in the community charging their clients similar rates for similar work. In an FDCPA action decided over two years ago, Judge Kennelly awarded plaintiff's counsel his requested rate of $375 per hour. *Kasalo v. Trident Asset Mgmt., LLC*, 2015 WL 2097605, *3 (N.D. Ill. May 3, 2015). In another FDCPA action from 2009, the court approved

4

an hourly rate of $394, stating that "[a]n hourly rate of $394 per hour is within the range of rates charged by attorneys in the Midwest for the year 2008-2009." *Decker v. Transworld Sys., Inc.*, 2009 WL 2916819, *6 (N.D. Ill. Sept. 1, 2009). *See also Fricano v. LVNV Funding, LLC*, 2015 WL 5331711, *6 (N.D. Ill. Sept. 8, 2015) (awarding attorney's rates of $425 and $300, noting "[t]he work and result in this case, *not just years of experience*, do count.") (emphasis added). Thus, Plaintiff's counsel's requested rates are reasonable and are also comparable to other attorneys' rates in the relevant community.

As Plaintiff produced evidence that her counsel's hourly rates are reasonable and in line with those prevailing in the community, Defendant was required to offer evidence setting forth a good reason why a lower rate is more appropriate. *Uphoff v. Elegant Bath, Ltd.*, 176 F.2d 399, 407 (7th Cir. 1999). Defendant's only arguments in support of a lower rate are that Plaintiff has not offered any supporting evidence and that her attorneys have never been awarded their rates in a contested fee petition. (Dkt. #85, pp. 3-4). Notably, Defendant puts forth no new evidence of its own to support its assertion that Plaintiff's counsel's hourly rates are unreasonable, nor has it offered any evidence showing why a lower rate is appropriate. Defendant merely quotes decisions from prior contested fee petitions Plaintiff referred to in her Motion, and then offers the conclusory opinion that Plaintiff has failed to carry her burden of establishing a reasonable rate. (Dkt. #85, p. 5). Defendant also attempts to convince this Court that its own counsel's rates are lower and they have been practicing law far longer, but notably fails to produce any documentation to substantiate this claim. (Dkt. #85, p. 2, n.2). Plaintiff therefore maintains that she has met her burden of proving that counsels' rates are reasonable and should be awarded. Defendant has failed to prove otherwise.

### III. PLAINTIFF'S HOURS ARE REASONABLE AND SHOULD NOT BE REDUCED OR ELIMINATED

#### A. Plaintiff's Billing Records Do Not Contain Excessive or Unnecessary Time Entries.

Defendant argues that Plaintiff should not be compensated for the work she put into pursing a class claim because she allegedly abandoned her class claim and was unsuccessful on her class motion. (Dkt. #85, pp. 7-8). This statement mischaracterizes both Plaintiff's position and this Court's decision with respect the motion. Plaintiff did not voluntarily or arbitrarily abandon her class claim as Defendant suggests, rather, it was determined through discovery that a class action was not viable. Plaintiff should not be penalized for conducting a good faith investigation into her class claims; she had no way of knowing a class would not be viable when she filed her Complaint. To hold that a party cannot be awarded fees related to time spent on investigating and pursuing class claims would have a chilling effect on an attorney's willingness to initiate class action litigation, thereby resulting in fewer plaintiffs bringing class claims under the FDCPA.

The Seventh Circuit has held that a plaintiff can be awarded fees for unsuccessful claims if the successful and unsuccessful claims involve a common core of facts or related legal theories. *Ustrak v. Fairman*, 851 F.2d 983, 899 (7th Cir. 1988). Several courts within the Seventh Circuit have held that a fee award "should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." *Holmstrom v. Metropolitan Life Ins., Co.*, 2011 WL 2149353, *6 (N.D. Ill. May 31, 2011) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 435, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (internal quotation marks omitted); *see also Kitchen v. TTX Co.*, 2001 WL 40803, *3 (N.D. Ill. Jan. 17, 2001) ("[a] losing argument in support of a successful claim for relief is fully compensable time.") (citing *Kurowski v. Krajewski*, 848 F.2d 767, 776 (7th Cir. 1988); Pennsylvania Chiropractic Assoc. v. Blue Cross Blue Shield Assoc., 76 F. Supp. 3d 722,

6

733 (N.D. Ill. Dec. 17, 2014); *rev'd on other grounds* 802 F.3d 926 (7th Cir. 2015) (court reduced time because <u>denials</u> of two motions for class certification reshaped the course of litigation).

Here, Plaintiff's motion for class certification was not denied, it was simply stricken without prejudice as premature. (*See* Dkt. #16). Moreover, Plaintiff's class claim involved the same set of facts and legal theory as the individual claim that was ultimately prosecuted to a successful end. Plaintiff's fee award "should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." *See Holmstrom*, *supra*. Therefore, the mere four hours that Plaintiff's counsel spent on the motion for class certification should be awarded in full.

Defendant points to Plaintiff's time drafting discovery requests and deposition notices and claims that the hours spent on such tasks were excessive. (Dkt. #85, p. 8). Defendant also argues that Plaintiff should not be permitted to recover time spent drafting discovery requests related to her class claims. (*Id.* at p. 9). As explained above, Plaintiff should be compensated for her time spent drafting class-related discovery, as such discovery was necessary to determine the viability of a class.

Defendant also argues that Plaintiff has billed excessive time for the three depositions in this case. Plaintiff's counsel billed 3.3 hours defending Plaintiff's deposition. While the actual deposition lasted two hours and twenty two minutes, the time Plaintiff's counsel billed also includes travel time to and from the Defendant's counsel's office, which is about a 20-minute cab ride from Plaintiff's counsel's office. Therefore, 3.3 hours was a reasonably reflected the total time spent on defending Plaintiff's deposition. Further, it should be noted that the time Plaintiff's attorneys billed for the three depositions is not limited to the actual time spent on the record. Time billed for each deposition also necessarily includes time spent in discussions immediately preceding and following the official start and end time of the deposition, as well as time spent

7

discussing and reviewing the deposition with the client and with another attorney in the office. For instance, the time billed for taking the depositions of Erik Mock and Terri Blye also includes the time that Attorneys Finko and Chatman spent afterwards discussing reviewing the substance of the deposition with Attorney Wood.

### B. Plaintiff's Billing Records Do Not Contain Redundant or Duplicative Time Entries.

Defendant cites to two instances where attorneys Chatman and Wood conducted in-office meetings to discuss case strategy and claims these meetings constitute redundant work and that only Chatman's time should be awarded, presumably because she demands a lower hourly rate than Wood. (Dkt. #85, p. 10). Such meetings between attorneys to discuss case strategy is both common and reasonable, as explained in *Bohen*, *infra*, and the time spent doing just that was reasonable in this case.

It is not unusual or unreasonable for more than one lawyer to work on a case; in fact it is common. *Bohen v. City of East Chicago*, 666 F. Supp. 154, 157 (N.D. Aug. 5, 1987). "Consultation among lawyers ensures that they do not overlook significant facts or inquiries. … Two lawyers are the minimum in much private litigation." *Id. See also Kurowski v. Krajewski*, 848 F.2d 767, 776 (7th Cir. 1988) (citing *Bohen* to support finding that the use of two lawyers was appropriate); *Delgado v. Mak*, 2009 WL 211862, *3 (N.D. Ill. Jan. 29, 2009) (citing *Bohen*, "[c]onsultation of that kind is highly appropriate, efficient, and is exactly what lawyers in firms of all sizes do to best serve their clients."). In fact, in a contested fee petition recently decided by this Court involving Wood and Finko, fourteen interoffice conferencing hours over the course of two years were deemed reasonable and recoverable. *See Gomez v. Portfolio Recovery Assocs., LLC*, 15-cv-04499 (N.D.IL), Dkt. #99, p. 2.

8

The Seventh Circuit has held that when billing time to internal conferences, attorneys should sufficiently identify the subject matter of their discussions to ensure they were reasonably expended. *Stragapede v. City of Evanston*, 215 F. Supp. 3d 708, 717 (N.D. Ill. Oct. 19, 2016) (*citing Tchemkou v. Mukasey*, 517 F.3d 506, 512 (7th Cir. 2008)). There, the court found that 32 brief internal conferences over the course of two years of litigation was reasonable, most importantly because the entries identified the "particular legal task or stage of litigation actually discussed." *Id.*

Here, Defendant identified two interoffice conferences. These strategic meetings occurred at key points during litigation—when Plaintiff made the decision to amend her complaint to better convey her claim, and after discovery had been completed but before motions for summary judgment were due. A cursory review of the alleged redundant and duplicative interoffice conferencing time here reveals that a mere 4.6 hours were spent over the course of approximately 17 months of litigation discussing matters of strategy. Further, Plaintiff has sufficiently identified the content of these conversations. This Court should therefore award to Plaintiff all hours classified by Defendant as redundant work because the hours were reasonably expended, and two attorneys discussing case strategy can hardly be considered redundant time entries.

Defendant also claims that the time Chatman spent reviewing Defendant's answers and objections to Plaintiff's first set of discovery requests is redundant and duplicative of the time Wood spent reviewing Defendant's actual document production. (Dkt. #85, p. 10). Reviewing the written answers and objections to discovery requests is a different task then reviewing the documents that were physically produced in response to certain requests. This is especially true because the document production itself is generally sent as a separate PDF document along with the written answers and objections to discovery requests. That occurred in this case and thus it was

9

reasonable to bill for each task separately. The Court should therefore award to Plaintiff all hours spent reviewing these discovery responses and documents.

### C. Administrative Time Is Minimal And Should be Awarded.

Also included in Defendant's Response is a portion of the tasks it deems "administrative" in nature and which should be excluded from Plaintiff's award of fees. Defendant does not produce a full list of all tasks from Plaintiff's billing records that it deems administrative, and therefore it is difficult for Plaintiff to adequately rebut this argument as she can only speculate as to what tasks Defendant considers administrative or clerical. (*See* Dkt. #85, pp. 6-7). Instead of providing a full list of tasks, Defendant proposes an across the board reduction of 30% of the hours sought by Plaintiff, apparently because "[t]hese administrative and clerical tasks make up approximately 29% of all billing on the first page of Rhone's fee statements" and because two courts have done so in the past. (Dkt. #85, pp. 6-7). That is not a sufficient reason to perform an arbitrary 30% cut, particularly when, as this Court will see, the first page of Plaintiff's billing records is not at all representative of the remainder of the pages in terms of the types of tasks performed.

Upon examining the brief list of alleged administrative and clerk tasks submitted by Defendant, it is clear that several tasks are not administrative in nature. Reviewing Plaintiff's Complaint and exhibits before they are filed is a task that would not ordinarily be delegated to a secretary or paralegal, as one would assume that an attorney would conduct the final review of any and all documents before they are filed. The same is true of any other entry in Plaintiff's billing records that involves reviewing a document before it is mailed out—reviewing is something an attorney would and should perform and Plaintiff should be awarded all hours spent performing these tasks. Several of the other entries Defendant classifies as administrative do not qualify as administrative, including entries involving filing court documents. Plaintiff's counsel regularly

10

files all court documents electronically. Courts in the Seventh Circuit have found that time spent electronically filing documents in the Court's CM/ECF system should *not* be characterized as merely clerical or administrative in nature. *Young v. Accounts Recovery Bureau, Inc.*, 2012 WL 3764014, *4 (N.D. Ind. Aug. 8, 2012) (citing *Williams v. Z.D. Masonry, Corp.*, 2009 WL 383614 (N.D. Ill. Feb. 17, 2009), slip op at 10).

Additionally, at least one court in this district has found that administrative fees are recoverable for attorneys working in smaller firms, where attorneys would be "doing the [administrative] work themselves and billing for it would not be unreasonable." *Fricano*, 2015 WL 5331711 at *6. In fact, in *Holloway*, Judge Pallmeyer awarded Plaintiff all of her administrative fees. *See* No. 15-cv-11568, Dkt. #31, pp. 1-2. Therefore, most of the entries Defendant claims are administrative are not clearly administrative, and instead should be found to be recoverable. This Court should award Plaintiff her requested fees accordingly.

## IV.     CONCLUSION

Plaintiff, Diane Rhone, by and through her attorneys, Community Lawyers Group, Ltd. and Andrew Finko, P.C., respectfully requests that this Honorable Court grant her Motion for Attorneys' Fees and Costs and award the amounts requested therein, and award her an additional 4.5 hours at $372 per hour, for a total of $1,674.00, for time spent reviewing and rebutting Defendant's objections. Plaintiff further requests that this Court set out judgment in a separate document, as required by Federal Rule of Civil Procedure 58(a).

Respectfully submitted,

By: */s/ Celetha Chatman*
One of Plaintiff's Attorneys

Celetha C. Chatman
Michael J. Wood
**Community Lawyers Group, Ltd.**
73 W. Monroe, Suite 514
Chicago, IL 60603
Ph: 312.757.1880
fax: 312.265.3227
cchatman@communitylawyersgroup.com
mwood@communitylawyersgroup.com

**Andrew Finko P.C.**
180 W. Washington St., Suite 400
Chicago, IL 60602
Tel (773) 480-0616
Fax (773) 453-326

**CERTIFICATE OF SERVICE**

    I, Celetha Chatman, an attorney, hereby certify that on February 9, 2018, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all attorneys of record.

**Dated: February 9, 2018**　　　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　By:　/s/ *Celetha Chatman*