# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DIANE RHONE, Plaintiff, v. MEDICAL BUSINESS BUREAU, LLC, Defendant. | No. 16 C 5215<br>Hon. Virginia M. Kendall |

## MEMORANDUM OPINION AND ORDER

Plaintiff Diane Rhone moves under Rule 60(b) for relief from the Court's final judgment order on the parties' cross-motions for summary judgment. Rhone's motion comes to the Court after the case was remanded from the Court of Appeals. Because Rhone failed to cross-appeal the judgment from which she now seeks relief, the issue was waived and is not within the scope of remand. For the reasons stated here, Rhone's motion [Dkt. 97] is denied.

## BACKGROUND

### I. Summary Judgment

Rhone sued Medical Business Bureau, LLC ("MBB") for violating two provisions of the Fair Debt Collection Practices Act ("FDCPA")—Section 1692e, which prohibits debt collectors from making "false representations" about "the character, amount, or legal status of any debt," and Section 1692f, which prohibits debt collectors from collecting or attempting to collect a debt using "unfair or unconscionable means." 15 U.S.C. §§ 1692e(2)(A), 1692f; *see also Rhone v. Med. Bus. Bureau, LLC*, No. 16 C 2512, 2017 WL 4875297, at *2-3 (N.D. Ill. Oct. 25, 2017) ("*Rhone I*"), *rev'd*, 915 F.3d 438, 439 (7th Cir. 2019) ("*Rhone II*").

1

Both claims were based on the same conduct by MBB. Rhone received physical therapy from the Illinois Bone and Joint Institute ("IBJI") in January and February 2013. IBJI billed Rhone $134 per session. Rhone's insurance covered a portion of the charge, leaving her with a $60 copay for each session. Rhone did not pay her portion of the bills and IBJI assigned the debt to defendant MBB for collection. MBB eventually reported to Equifax that Rhone owes nine debts of $60 each. *See Rhone II*, 915 F.3d at 439.

Both parties moved for summary judgment on both claims. *See Rhone I*, 2017 WL 4875297, at *2-3. The parties did not dispute that Rhone received physical therapy on nine separate occasions or that she owed $540 total. *Id.* at *2. The nine debts appeared on nine separate tradelines on Rhone's Equifax credit report. *Id.* MBB argued that IBJI presented it with nine separate debts for $60 each and that it accurately reported those nine debts to Equifax. Rhone argued that presenting her $540 debt as nine separate $60 debts, resulting in nine separate tradelines on her Equifax credit report, misstated the character of the debt in violation of Section 1692e. *Id.* Judge Der-Yeghiayan agreed with Rhone and ruled in her favor on the Section 1692e claim (granting Rhone's motion for summary judgment and denying MBB's), but ruled in MBB's favor on the Section 1692f claim (granting MBB's motion for summary judgment and denying Rhone's). *Id.* at *2-3. As to Section 1692f, Judge Der-Yeghiayan held that Rhone could not base her claims under both Sections on the same conduct, and that seeking relief for the same harm under both Sections would result in a double recovery. *Id.* at *3. Judge Der-Yeghiayan heard oral argument on the issue of statutory damages and in open court awarded Rhone $1,000 for prevailing on the Section 1692e claim. *See* Dkt. 72. During oral argument, counsel for Rhone stated that she was not seeking to recover any actual damages resulting from MBB's violation. *Id.* Though Judge

Der-Yeghiayan's order resolved all disputed matters between the parties (other than attorney's fees and costs) and the civil case was terminated, final judgment was not entered. *See* Dkt. 70.

**II.     Appeal**

In November 2017, MBB appealed the Court's decision in Rhone's favor on the Section 1692e claim. *Rhone II*, 915 F.3d at 439. The Court of Appeals initially ordered the parties to submit memoranda regarding whether it had jurisdiction over the appeal. *See Rhone II*, No. 17-3408 (7th Cir. 2017), Dkt. 4-9. The Court of Appeals then ordered the parties to submit statements regarding whether they intended to file a request with the district court for "judgment . . . set out in a separate document" under Federal Rule of Civil Procedure 58(d), presumably because final judgment had not been entered. *Id.* Dkt. 10, 13, 15. The parties filed such a request with the district court on February 9, 2018, nearly four months after Judge Der-Yeghiayan ruled on their summary-judgment motions. *See* Dkt. 90. By that time, Judge Der-Yeghiayan had retired from the bench and the Executive Committee had ordered the case reassigned to this Court. *See* Dkt. 89. After finding that Judge Der-Yeghiayan's summary-judgment order "disposed of all disputed matters material to th[e] case," the Court entered final judgment. Dkt. 94. MBB then advised the Court of Appeals that final judgment had been entered. *Rhone II*, No. 17-3408, Dkt. 16.

The Court of Appeals then considered the merits of MBB's appeal and reversed the district court's judgment, holding that MBB did not misstate the character of Rhone's debt because the credit report was "factually correct," given that "Rhone incurred nine debts of $60 each." *Rhone II*, 915 F.3d at 439. The Court of Appeals explained that reporting the debts separately did not misstate their character under Section 1692e because "character" refers to the kind of obligation (*e.g.*, secured, unsecured, subordinate, etc.), and not to whether "amounts due for individual purchases from a single merchant are stated separately or as a total." *Id.* at 439-440. ("[T]he number

of transactions between a debtor and a single merchant does not affect the genesis, nature, or priority of the debt and so does not concern its character.") Rhone did not cross-appeal the Court's grant of summary judgment in MBB's favor on the Section 1692f claim, and that issue was not raised on appeal in any way.

## III. Rhone's Present Motion

Now that the case has been remanded back to this Court, Rhone moves under Rule 60(b) for relief from the Court's judgment in MBB's favor on the Section 1692f claim. Rhone argues that the Court ruled in MBB's favor on the 1692f claim solely because it had already ruled in her favor and granted her relief on the 1692e claim and wanted to avoid a double-recovery scenario—a decision that, according to Rhone, did not determine the merits of her 1692f claim. Now that the Court of Appeals has reversed the Court's 1692e ruling, Rhone argues that there is no longer a valid basis for the Court's 1692f ruling and equity demands that the Court reconsider the merits of Rhone's 1692f claim.

## DISCUSSION

Rhone's motion presents a threshold question: what issues are open for this Court's consideration on remand? Under the "law of the case" doctrine, "[t]here are two major limitations on the scope of a remand. First, any issue that could have been but was not raised on appeal is waived and thus not remanded." *United States v. Husband*, 312 F.3d 247, 250-51, n.3 (7th Cir. 2002) (citation omitted); *see also United States v. Morris*, 259 F.3d 894, 898 (7th Cir. 2001) ("[P]arties cannot use the accident of remand as an opportunity to reopen waived issues.") The second limitation, less relevant to Rhone's motion, holds that "any issue conclusively decided by [the Court of Appeals] is not remanded." *Husband*, 312 F.3d at 251. "The law of the case doctrine is a corollary to the mandate rule and prohibits a lower court from reconsidering on remand an issue

expressly or impliedly decided by a higher court absent certain circumstances" not present here, such as later factual discoveries or changes in the law. *Carmody v. Bd. of Trs. of Univ. of Ill.*, 893 F.3d 397, 407-08 (7th Cir. 2018).

The scope of remand, then, boils down to whether Rhone could have appealed the Court's judgment in MBB's favor on her Section 1692f claim. If she could, and did not, the issue is "waived and thus not remanded" and the Court must deny her motion. Unfortunately for Rhone, that is precisely what happened here. Rhone could have conditionally cross-appealed the Court's judgment in MBB's favor on her Section 1692f claim, but she did not. By failing to cross-appeal, Rhone waived the issue and it is thus not within the scope of remand, and so the Court must deny her motion. *See Carmody*, 839 F.3d at 407 ("The mandate rule requires a lower court to adhere to the commands of a higher court on remand."); *see also Morris*, 259 F.3d at 898 ("When the district court addresses a case on remand, the "law of the case" doctrine generally requires it to confine its discussion to the issues remanded."); *Doe v. Chao*, 511 F.3d 461, 466 (4th Cir. 2007) ("Because the mandate rule 'forecloses litigation of issues decided by the district court but foregone on appeal or otherwise waived,' the district court was not free to deviate from this court's mandate by reconsidering [plaintiff-appellee's] claims . . . that it had denied before appeal and that had not been raised by [plaintiff-appellee] on cross-appeal.") (citation omitted).

## I. Rhone Could Have Conditionally Cross-Appealed the Judgment on Section 1692f

Though neither party recognized that the law of the case doctrine and mandate rule govern the Court's analysis of Rhone's motion, MBB did argue in response to Rhone's motion that she "seemingly waived" her 1692f claim by failing to cross-appeal the judgment in MBB's favor. Dkt. 107 at 6. MBB also noted, correctly, that Rule 60(b) relief is not appropriate for matters that could have been, but were not, raised on direct appeal. *Id.* at 2 (citing *Kiswani v. Phoenix Sec. Agency,*

5

*Inc.*, 584 F.3d 741, 743 (7th Cir. 2009) ("[T]he grounds for setting aside a judgment under [Rule 60(b)] must be something that could not have been used to obtain a reversal by means of a direct appeal.")).

Rhone, for her part, argues that she could not have cross-appealed the Section 1692f judgment for two related reasons: first, because her injury had been "fully redressed," she "lacked standing" to appeal; and second, because she had already been granted all the relief she sought, Seventh Circuit precedent barred her from cross-appealing. Rhone is partially correct on the first point, but she misses the mark on the second.

### a. The Court's Judgment on 1692e Mooted Rhone's Claim on 1692f

As to standing, Rhone argues that she could not have appealed her loss on the Section 1692f claim because she had also won on the Section 1692e claim and, crucially, the Court granted her $1,000 in statutory damages—the maximum allowed under the FDCPA. Dkt. 97 at 7; 15 U.S.C. § 1692k(a)(2)(A). Thus, according to Rhone, she was not entitled to any relief beyond $1,000 in statutory damages, so her injury had been "fully redressed," she no longer had an injury-in-fact, and she "lacked standing" to appeal. *Id.* at 7-8.

Redressability and injury-in-fact are two separate requirements for Article III standing, which a plaintiff must satisfy at all stages of litigation, including on appeal. *Cabral v. City of Evansville, Ind.*, 759 F.3d 639, 641-42 (7th Cir. 2014) (citing *Hollingsworth v. Perry*, 570 U.S. 693 (2013)). Unsurprisingly, Rhone is not arguing that she lacked standing to bring the suit in the first place. Instead, she argues that she had standing when she filed suit, but as a result of the district court's judgment, that stopped being the case. Though she does not articulate it this way, Rhone is actually arguing that the Court's judgment on Section 1692e mooted her claim on Section 1692f. "Mootness is often described as 'the doctrine of standing set in a time frame: The requisite

personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'" *Wis. Right to Life, Inc. v. Schober*, 366 F.3d 485, 491 (7th Cir. 2004) (citations omitted); *see also Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) ("If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during the litigation, the action can no longer proceed and must be dismissed as moot.")

Though she confuses the justiciability concepts, Rhone is essentially correct—the Court's $1,000 statutory damages award to Rhone for prevailing on her Section 1692e claim mooted her claim under Section 1692f. A recent case from the Court of Appeals is instructive. In *Portalatin v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 900 F.3d 377, 383-84 (7th Cir. 2018), the Court of Appeals held that a plaintiff who brought a single FDCPA claim against two defendants, and settled with one defendant for $5,000 plus the release of her underlying debt, should not have been able to proceed to trial against the other defendant because her claim was mooted by the settlement. Like Rhone, the plaintiff was not seeking actual damages and was thus entitled only to the $1,000 maximum statutory damages award.[1] The Court found that the $5,000 settlement from the first defendant "fully covered" the statutory damages available to the plaintiff, rendering her claim against the other defendant moot. *Id.* at 384. It is irrelevant that the *Portalatin* plaintiff brought a single claim against two defendants, whereas Rhone brought two claims against a single defendant, because the FDCPA caps statutory damages "at $1,000 per action, not per violation and not per defendant." *Id.* at 385 ("Statutory damages are subject to a cap of $1,000 per suit, 15 U.S.C. 1692k(a)(2)(A), no matter how many violations of the Act a given debt collector commits.")

---

[1] Like Rhone, the plaintiff also sought attorneys' fees and costs, but as the Court of Appeals explained, "the prospect of an award of attorneys' fees does not create a justiciable controversy if nothing else is at stake in the litigation." *Portalatin*, 900 F.3d at 383 (quotation omitted).

(quoting *Smith v. Greystone All., LLC*, 772 F.3d 448, 449 (7th Cir. 2014)). Just like the plaintiff in *Portalatin*, the damages available to Rhone were "fully covered" by the $1,000 statutory damage award for prevailing on the 1692e claim, rending her remaining 1692f claim moot.

### b. Rhone's Could Have Conditionally Cross-Appealed Her 1692f Claim

The fact that Rhone's 1692f claim was moot does not mean that she could not have appealed. Conditional cross-appeals exist for this precise circumstance—to allow "[n]ominally prevailing parties" like Rhone "to file [conditional] cross-appeals against the contingency that [the Court of Appeals] will reverse an otherwise thoroughly satisfactory judgment." *Council 31, Am. Fed. of State, Cty. and Mun. Emps., AFL-CIO v. Ward*, 978 F.2d 373, 380 (7th Cir. 1992).

In *Council 31*, the Court of Appeals held that a party like Rhone who "was initially barred from appealing to this court because the final judgment in the district court was in its favor and one cannot appeal from a victory" could nonetheless bring a conditional cross-appeal, which the Court "treats . . . differently from unconditional appeals." *Id.* Like here, the Court of Appeals in *Council 31* reversed the district court, which adversely affected the party who filed the conditional cross-appeal. That development had "the effect of invigorating the cross-appeal and supporting [the Court of Appeals'] jurisdiction." *Id.* So if Rhone had conditionally cross-appealed her otherwise-moot Section 1692f claim, the Court of Appeals' decision reversing the district court would have had the same effect—invigorating Rhone's cross-appeal and supporting appellate jurisdiction over her 1692f claim. *See also, e.g.*, *Bernstein v. Bankert*, 733 F.3d 190, 222 (7th Cir. 2013) ("To the extent that [Appellee] prevailed regardless when Count VII was dismissed as moot, the final judgment in the case was a favorable one. But they filed a conditional cross-appeal to hedge against a possible reversal . . . Because we have [reversed the district court], we now reach [Appellee's] conditional cross-appeal"); *cf. Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 870-

71 (7th Cir. 2005) ("In their conditional cross-appeal, [Appellee] urges this court to reverse the trial court's grant of summary judgment in [Appellant's] favor on the issue of whether [Appellant] was terminated on the basis on his disability. However, because we have resolved this case in [Appellee's] favor, and uphold the trial court's judgement . . . , we need not address the cross-appeal"); *see also* 15A Charles A. Wright *et al.*, *Federal Practice and Procedure* § 3902, Special Limits on Jurisdiction—Standing (2019) ("A party who fully prevailed in the district court may have an equally obvious justification for cross-appeal, to protect interests that otherwise might be adversely affected by disposition of the appeal.")

Rhone argues that restrictive Seventh Circuit caselaw prevented her from filing a cross-appeal. As Rhone notes, a cross-appeal is appropriate only where "the relief sought in the cross-appeal is different from the relief already obtained by the cross-appealing party in the district court's final judgment." *Bernstein*, 733 F.3d at 224; Dkt. 111 at 3. Rhone cites *Bernstein* for the proposition that she could not have cross-appealed her loss on the 1692f claim because she "could not have sought relief that was any different than the relief" the Court already granted her—*i.e.*, the statutory-maximum $1,000. But the law defines "relief" in broader terms for purposes of filing a cross-appeal.

"Relief" in this context refers to relief from the judgment itself, not to the scope of damages available to the prevailing party, as Rhone argues. A cross-appeal is proper if the "prevailing party seeks a judgment different from that rendered by the district court." *Weitzenkamp v. Unum Life Ins. Co. of Am.*, 661 F.3d 323, 332 (7th Cir 2001); *see also Winstead v. Ind. Ins. Co.*, 855 F.2d 430, 434-35 (7th Cir. 1988) ("the filing of a cross-appeal is required where an appellee seeks alteration of a judgment rendered in whole or in part in its favor"); *Byron v. Clay*, 867 F.2d 1049, 1051 (7th Cir. 1989) (cross-appeal is proper "when a party wants to change (even if only

conditionally) the trial court's judgment"). That is undoubtedly what Rhone seeks here—a judgment in her favor on the Section 1692f claim, which is different than the judgment the district court rendered. That is squarely within the bounds of a proper cross-appeal. The purpose of the restriction Rhone cites is to prevent prevailing parties from cross-appealing merely to urge the Court of Appeals to affirm the judgment below or to argue alternative grounds for affirmance. *See, e.g.*, *Weitzenkamp*, 661 F.3d at 332. That is not what Rhone seeks now—she seeks "to alter the judgment, *i.e.*, the bottom line," which would have been perfectly appropriate for a cross-appeal. See *id.*

## CONCLUSION

Because Rhone failed to cross-appeal the judgment from which she now seeks relief, the issue was waived and is not within the scope of remand. For the reasons stated here, Rhone's motion [Dkt. 97] is denied.

_____
Virginia M. Kendall
United States District Judge

Date: June 21, 2019